UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PELESTINE CLAYBRON,

        Petitioner,

v.                                                               CASE NO. 2:05-CV-73676-DT
                                                             HONORABLE LAWRENCE P. ZATKOFF

CLARICE STOVALL,

        Respondent.
_____/

**ORDER REJECTING THE STATE'S EXHAUSTION DEFENSE,
REQUIRING AN ANSWER ON THE MERITS OF PETITIONER'S CLAIMS,
AND DENYING PETITIONER'S PENDING MOTIONS**

### I. Introduction

      This matter is pending before the Court on petitioner Pelestine Claybron's application for the writ of habeas corpus under 28 U.S.C. § 2254. Also pending before the Court are Respondent's answer to the habeas petition and Petitioner's motions for an evidentiary hearing, for appointment of counsel, and to compel Respondent to file certain Rule 5 materials.[1]

      Petitioner has been convicted of armed robbery and first-degree home invasion. She is serving a sentence of seventeen to forty years for the armed robbery and ten to twenty years for the first-degree home invasion.

      On appeal from her convictions, Petitioner argued through counsel that (1) the trial court

---

      [1] *See* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

abused its discretion by refusing Petitioner's request for a *Ginther* hearing[2] and (2) Petitioner's guilty plea must be vacated because the trial court failed to comply with Michigan Court Rule 6.302(E). Petitioner argued in a *pro se* supplemental brief that she was deprived of her Sixth Amendment right to effective assistance of counsel because her trial attorney failed to litigate a meritorious and outcome-determinative Fourth Amendment violation. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Claybron*, No. 254276 (Mich. Ct. App. June 7, 2004).

In an appeal to the Michigan Supreme Court, Petitioner alleged that (1) the trial court abused its discretion when it refused Petitioner's request for a *Ginther* hearing, (2) the guilty plea must be vacated because the trial court failed to comply with Michigan Court Rule 6.302(E), and (3) Petitioner was deprived of her Sixth Amendment right to effective assistance of counsel when defense counsel failed to litigate a meritorious and outcome-determinative Fourth Amendment violation. Petitioner later sought leave to present an additional claim under *Blakely v. Washington*, 542 U.S. 296 (2004). On December 29, 2004, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the questions presented should be reviewed. *See People v. Claybron*, 471 Mich. 950; 690 N.W.2d 106 (2004) (table).

Petitioner filed her habeas corpus petition on September 26, 2005. The grounds for relief read:

> I.  Petitioner was deprived of her Sixth Amendment right to the effective assistance of counsel when defense counsel failed to litigate a meritorious and outcome-determinative Fourth Amendment violation.

---

[2] In Michigan, a hearing on the effectiveness of defense counsel is known as a *Ginther* hearing. *See People v. Ginther*, 390 Mich. 436; 212 N.W.2d 922 (1973).

    II.       Petitioner was deprived of her Sixth Amendment right to the effective assistance of counsel when defense counsel coerced her to plead guilty on the day of trial by inducing her to believe that she would receive a moderate sentence.

Respondent alleges in her answer to the habeas petition that Petitioner did not present her first claim to the Michigan Court of Appeals and that she did not present either one of her claims to the state courts as a federal constitutional issue. Petitioner replies that she did exhaust state remedies for her claims.

## II. Discussion

State prisoners must "fairly present" their claims to the state courts before raising the claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2002). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court when that review is part of the state's ordinary appellate review process. *O'Sullivan*, 526 U.S. at 845-47.

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

Petitioner presented her first claim (failure to raise a Fourth Amendment violation) to the Michigan Court of Appeals in a *pro se* supplemental brief. She presented the same claim to the Michigan Supreme Court in an application for leave to appeal. In both state courts, she cited the

3

Fourth and Sixth Amendments to the United States Constitution. Thus, the first habeas claim is exhausted.

Whether Petitioner exhausted state remedies for her second claim is more complicated. The claim alleges that Petitioner's Sixth Amendment right to effective assistance of counsel was violated because defense counsel coerced her into pleading guilty by inducing her to believe that she would receive a moderate sentence. In state court, Petitioner alleged that the trial court abused its discretion by denying her request for a hearing on trial counsel's ineffectiveness. At first blush, the claims appear different. Petitioner alleges ineffective assistance of counsel here, whereas in state court she alleged an abuse of discretion in the denial of a hearing.

However, the underlying basis for Petitioner's abuse-of-discretion argument in state court was ineffective assistance of trial counsel. Petitioner alleged there, as she does here, that her trial attorney informed her that her sentence would fall between forty-two and seventy months. Attached to Petitioner's application for leave to appeal in the Michigan Court of Appeals was her motion to withdraw the plea and for a *Ginther* hearing. The motion cited *Strickland v. Washington*, 466 U.S. 668 (1984), and alleged that defense counsel misinformed Petitioner of the consequences of her plea. Petitioner also asserted that her plea was not voluntary and intelligent. Thus, the court of appeals did not have to look beyond the application and its attachments for Petitioner's Sixth Amendment claim alleging ineffective assistance of trial counsel. *Cf. Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so").

Petitioner raised the same claim in the Michigan Supreme Court, where she incorporated by

4

reference her brief in the Michigan Court of Appeals. The Court therefore deems Petitioner's second claim exhausted.

### III. Conclusion

Petitioner exhausted state remedies for her claims by raising both claims as federal constitutional issues in the Michigan Court of Appeals and in the Michigan Supreme Court. Therefore, Respondent's exhaustion defense is rejected. Respondent is ORDERED to file a supplemental answer addressing the merits of Petitioner's claims within **thirty (30) days** of the date of this order. Petitioner's motions for an evidentiary hearing [Doc. 4, Jan. 6, 2006, and Doc. 10, Apr. 24, 2006] and Petitioner's motion for appointment of counsel [Doc. 8, Apr. 24, 2006] are DENIED without prejudice, pending receipt of Respondent's supplemental answer. Petitioner's motion for specified Rule 5 materials [Doc. 9, Apr. 24, 2006] is DENIED as moot because Respondent filed the materials after Petitioner moved to compel production of the materials.

    s/Lawrence P. Zatkoff  
    LAWRENCE P. ZATKOFF  
    UNITED STATES DISTRICT JUDGE

Dated: August 24, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 24, 2006.

    s/Marie E. Verlinde  
    Case Manager  
    (810) 984-3290